UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Case No. 1:04-CR-80

v.                                      HON. DAVID W. McKEAGUE*

DAVID EARL HILL,

                Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO ADJOURN SENTENCING**

Sentencing is set to proceed in this matter on August 22, 2005. Now before the Court is defendant's motion to adjourn the sentencing. For the reasons that follow, the motion is denied.

On September 7, 2004, defendant David Earl Hill tendered, and the Court accepted, his plea of guilty to the charge of armed bank robbery. Sentencing was set for December 6, 2004. The government then moved to adjourn the sentencing for approximately 90 days to allow defendant the opportunity to assist the government in the investigation and prosecution of other offenders. Sentencing was adjourned to March 7, 2005.

Defendant then moved to adjourn the rescheduled sentencing for approximately 60 days to allow his newly retained *second* attorney, Anthony N. Thomas, adequate time to prepare for sentencing. The motion was granted and sentencing was adjourned first to May 9, 2005, and then to May 17, 2005.

_____

     * Hon. David W. McKeague, United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

On April 21, 2005, defendant filed a second motion to adjourn the sentencing, for 60 to 90 days, for a variety reasons. The Court originally denied the motion for lack of showing of cause for the requested adjournment. Defendant's motion for reconsideration was granted, however, and the sentencing was adjourned to July 11, 2005.

On July 11, 2005, one of defendant's attorneys, Raymond J. Reynolds, appeared with defendant for the sentencing, but Mr. Thomas did not. The Court was advised that Mr. Thomas had sustained injuries in an automobile accident on July 8, 2005 and was unable to attend. Once again, defendant moved to adjourn the sentencing. Again, the Court granted the motion, adjourning sentencing to August 22, 2005. The Court cautioned defendant that the likelihood of any further adjournment was extremely remote.

A mere 10 days later, defendant filed the present motion to adjourn the sentencing. Defendant seeks additional time to investigate the "relatedness" of certain of his prior convictions, a question relevant to determination of his sentence under the Sentencing Guidelines. Defendant does not specify how much additional time is needed. Nor has he demonstrated that his potential relatedness objection has even facial merit. Nor has he explained why this question was not earlier investigated. Nor has he explained why the one-month period between the date his motion was filed and the current sentencing date is insufficient time to complete the appropriate investigation.

Considering that sentencing is now set to proceed more than eight months after it was originally scheduled, it is inconceivable that defendant has not been afforded adequate time to reasonably prepare for sentencing. Defendant has failed to show that *any* ends of justice would be served by granting further adjournment, much less ends of justice that outweigh the best interests of the public and the government in "speedy" completion of these proceedings.

Accordingly, the Court concludes that defendant has failed to bear his burden of persuasion. His motion for further adjournment of the sentencing must therefore be and is hereby **DENIED**. Sentencing shall proceed as scheduled, on **August 22, 2005 at 1:30 p.m.**

    **IT IS SO ORDERED**.


Dated:  August 15, 2005                               /s/   David W. McKeague
                                                              HON. DAVID W. McKEAGUE
                                                              UNITED STATES CIRCUIT JUDGE